Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Morgan T. Nickerson (*pro hac vice forthcoming*)
morgan.nickerson@klgates.com
**K&L GATES**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone: 617.261.3134
Facsimile: 617.261.3175

*Attorney for Plaintiff*
*Epson America, Inc.*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>              Plaintiff,<br><br>        v.<br><br>WEMAX INC,<br><br>              Defendant. | Case No. 8:23-cv-00074<br><br>**COMPLAINT FOR:**<br><br>**1. FALSE ADVERTISING / UNFAIR COMPETITION - LANHAM ACT; and**<br><br>**2. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200 *et seq.***<br><br><br>**<u>DEMAND FOR JURY TRIAL</u>**<br><br>_ |

COMPLAINT

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of defendant Wemax Inc.'s ("Wemax" or "Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1.     This is an action for trademark infringement including unfair competition and false advertising arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and California Business and Professions Code §§ 17200 *et seq.*  Wemax's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3.     This Court has supplemental jurisdiction over the related state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims providing this Court original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Indeed, the state law claims arise from the same set of operative facts common to the federal claim and the resolution of those claims serves the interests of judicial economy.

4.     Wemax is subject to personal jurisdiction in this Judicial District in connection with this action because it sells products within the United States, the State of California, and this District; because it misrepresented the nature of products to residents of the State of California and this District; because Wemax has caused injury to Epson's trademarks in the State of California and this District; because Wemax practices the unlawful conduct complained of herein, in part, within the State of California and this District; because Wemax regularly conducts or solicits business within the State of California and this District; because Wemax regularly

and systematically directs electronic activity into the State of California and this District with the manifest intent of engaging in business within the State of California and this District, including the sale and/or offer for sale of products to internet users within the State of California and this District, as well as, upon information and belief, entry into contracts with residents of the State of California and this District through the sale of items through various online retail platforms.

5.   Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.  Given that California has more than one judicial district and Wemax is subject to personal jurisdiction in California in connection with this action, venue is proper in this District because Wemax's contacts with this District would be sufficient to subject it to personal jurisdiction if this District were a separate State.  *See* 28 U.S.C. § 1391(d).

## PARTIES

6.   Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California.  It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano.  Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories.  Epson has been a leading innovator in its field since it was founded in 1942.

7.   Upon information and belief, defendant Wemax Inc. is a New York corporation with a place of business in New York, New York.  It sells, *inter alia*, projector products through online platforms such as Amazon.com.

8.   This action seeks redress for Defendant's deliberate and unlawful misleading representations regarding the light output of their projectors.  Defendant uses false claims regarding the light output of its projectors in its product descriptions and advertising.

///

///

## FACTS GIVING RISE TO THIS ACTION

### A.   Portable Consumer Projectors

9.     While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

10.    Today, consumers use digital projectors in the same way as television or computer screens.  Digital projectors receive video signals from external devices, such as computers, and "project" those signals onto a screen.

11.    Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently-mounted projectors for home theaters.

12.    Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

13.    Projector light output is measured and described in lumens.  The higher the lumen rating, the brighter the projector, and, all else being equal, the more it will likely cost.

14.    The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers, and one that necessarily impacts consumer choice.

### B.   Epson Projectors

15.    Epson is recognized throughout the world and the United States as a leading projector manufacturer.

16.    As a market leader, Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors.   Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

///

///

17.     Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available.

**C.     Defendant's False Advertising of its Projectors**

18.     Defendant is a direct competitor of Epson in the portable consumer projector market.  Defendant sells and offers for sale projectors to consumers throughout the United States via various online commerce sites including, but not limited to, Amazon.com.

19.     Defendant sells their projectors under various models including, but not limited to, the following: Wemax Nova.

20.      On its Amazon.com product page, Defendant advertises the following brightness values for its projector model:

**WEMAX Nova**

| | |
|---|---|
| Brightness | 2100 ANSI lumens |
| Light Source/Display | ALPD Laser (DLP) |
| Picture Size | 80 to 150 inch |
| Picture Quality | 4K UHD, 3000:1 native contrast |

21.     As shown above, Defendant utilizes the ANSI Standard for measuring the brightness of its projector.  The ANSI Standard establishes protocols for measuring and communicating important performance attributes of projectors - including how to measure and communicate lumens.

22.    The above brightness value is prominently displayed throughout the projector's listing page.

23.    Throughout the product's page, Defendant touts the brightness performance of its projector.  For example, in its listing for its Nova projector, it states, "Superior Resolution might be an understatement.  With 4K UHD and bright 2100 ANSI lumens, you get 4x the resolution of full HD or 1080p."  Moreover, Wemax claims that "**2100 ANSI Lumens** is the actual test result, can meet your day and night of various projection occasions.  It's bright enough to make viewing more enjoyable."  Wemax also includes the following advertisements on its product page:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



ULTRA CLEAR & CRISP DISPLAY

Never miss out on those fine details whenever
you watch your favorite movies. This smart
laser projector takes you right into the action
with its stellar 3840 x 2160 4K UHD video
resolution, paired with a bright 2100 ANSI
lumens (5000 lumen light source).

With its ALPD 3.0 and TI DLP technology, this
short throw projector diffuses light without
affecting picture quality. This helps reduce
eyestrain caused by viewing blurry images

6



You've always wanted to set up a home entertainment room in your home. Laser projectors are a good choice if you want a larger viewing display, but it can ruin the whole experience if they fail to deliver crystal-clear picture quality — not to mention that these can also be a hassle to mount. What you want is a smart laser projector that won't take up much space in your home while giving you excellent video and audio quality, whether you're watching your favorite TV or playing your favorite game in all its high-definition glory.

**The Nova Smart Laser Projector by WEMAX is the home cinema solution you've been looking for.**

*Specification*

Focus – Auto-Focus | Keystone Correction – 8-Point keystone correction

HDR – HDR10 | Color Coverage – 100% Rec. 709

CPU – Amlogic T962X-H | RAM – 2GB | Storage – 32GB

Bluetooth – 4.1/BLE | WiFi – 2.4/5GHz

Brightness – 2100 ANSI Lumen | Light Source – 5000 Lumen

Display Tech – DLP | Light Source – ALPD Laser

Native Resolution – 4K Ultra HD

Throw Ratio – 0.233:1 | Display Size – 80 – 150"

24.    In order to gain initial traction in the United States projector marketplace, Wemax is purposefully and deceptively inflating the brightness specification of its projector.

25.    Epson tested the brightness of several of Defendant's Nova projectors. Of the projectors tested by Epson, each Wemax Nova projector tested significantly below its advertised brightness value.

26.    Defendant's purposeful inflation of the brightness specification of its projectors has not gone unnoticed by consumers and there is evidence of actual confusion and harm in the marketplace.

27.    As follows is product feedback from customers of Defendant questioning whether the projector's lumen value is accurate:

★★☆☆☆  **It has to be on a pretty dark room.**
Reviewed in the United States on October 21, 2022
**Verified Purchase**

It's was really easy to set up. The only issue is the brightness of it. It has to be in a dark area.

★★☆☆☆  **This projector has very wavy borders, not rectangle shaped projection.**
Reviewed in the United States on September 30, 2021
**Verified Purchase**

For this price they should have standard quality. Speakers are decent and remote is nice. brightness is average. The borders of the screen are wavy and have very large bulges in random areas. I tried on a flat wall, various projection screens. I tried moving the unit in ALL dimensions, tilting/orientation. nothing will fix the wavy bulges. I ordered a replacement because I though I maybe just got a bad unit. The replacement was even worse. Lots of wasted time and definitely NOT worth the price. If this was a $500 unit, it might have gotten 3 stars. No thanks.

★★☆☆☆  **It's just okay**
Reviewed in the United States on November 12, 2022
**Verified Purchase**

Like -

Short-throw projector technology is great, allows for the projector to sit in place of a TV.
Large projection image.
Good sound quality.

Dislike -

Not as bright as I expected.
Operating system is terrible, slow and lacks functionality. I've connected it to an Apple TV for a better experience but the projector boots up directly to its system, not the HDMI connection even when that is what powers it on. At 120", I have not been able to achieve good focus, the top of the screen is out of focus.

28.    As shown by Epson's testing and the customer feedback above, Wemax is significantly misrepresenting the light output of its projectors to consumers and causing confusion in the marketplace.

29.    As a result, purchasers of any of Wemax's projectors are likely to be, and have actually been, misled and deceived by Wemax's literally false product labeling, descriptions, and advertisements.

30.    Consumers expect the represented product specifications to be accurate for Wemax's projectors, as they base their purchasing decisions in large part on these

representations.  In fact, consumers that purchase Defendant's projector receive a projector with drastically lower performance outputs.

31.     Wemax's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public.  These false and misleading representations are designed to entice consumers to purchase Defendant's products over Epson's products.

32.     The natural, probable, and foreseeable result of Wemax's wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

33.     By means of example, after having a poor experience with Wemax's projector with an improperly inflated lumen value of "2100 lumen," the consuming public is less likely to purchase a projector with a lumen rating of 2100 lumens as consumers will be unaware that Wemax's "2100 lumen" projector is not representative of the performance of a true 2100 lumen projector.  This causes irreparable harm to Epson as well as to the entire portable projector marketplace.

34.     Epson is informed and believes that Wemax's wrongful conduct has resulted in increased sales and market share of Wemax's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

35.     Epson has sustained and will continue to sustain irreparable damages as a result of Wemax's wrongful conduct, unless enjoined.

## COUNT I

### False Advertising / Unfair Competition - Lanham Act

36.     Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37.     Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading

statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, including the light outputs of its projectors - attributes important to a consumer's purchasing decision. These literally false statements and product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

38.    Defendant's false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

39.    Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

40.    Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

41.    Defendant's actions are willful and done solely to improperly gain market share.

42.    Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the damages sustained by Epson as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

43.    Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

44.    Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Defendant's

conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II

### Violation of Business and Professions Code §§ 17200 et seq.

45.     Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46.     The California Unfair Competition Law, codified at Business and Professions Code sections 17200, et seq., prohibits any unlawful, unfair, or fraudulent business act or practice.

47.     Wemax's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq.

48.     Wemax's misconduct has a tendency and likelihood to deceive members of the public.

49.     The foregoing acts and practices have caused substantial harm to Epson.

50.     As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Wemax, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

51.     Wemax's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury.  Wemax's conduct subjected Epson to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Epson to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Wemax.

## **PRAYER FOR RELIEF**

WHEREFORE, Epson prays for judgment against Wemax as follows:

A. For temporary, preliminary, and permanent injunctive relief prohibiting Wemax, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Wemax to sell their products, from engaging in false or misleading advertising with respect to its projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes, but is not limited to, removal of all Wemax's products from online commerce sites, such as, but not limited to, Amazon.com, as well as retail stores, until such a time as Wemax can correct its false or misleading advertisements;

B. For an order requiring Wemax to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Wemax's projectors, including without limitation, the placement of corrective advertising and providing written notice to the public and its prior customers;

C. That Wemax be adjudged to have violated 15 U.S.C. § 1125(a) and California Business and Professions Code §§ 17200 et seq. by unfairly competing against Epson by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendant's projectors;

D. That Epson be awarded damages it has sustained in consequence of Defendant's conduct including, but not limited to, its loss of market share;

E. That Epson be awarded Defendant's profits obtained by Defendant as a consequence of its conduct;

F. That such damages and profits be trebled and awarded to Epson as a result of Defendant's willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

G. That Epson be awarded exemplary and punitive damages;

H. That Epson recover its costs and reasonable attorneys' fees;

I.  That all of Defendant's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

J.  That Epson be granted prejudgment and post judgment interest; and

K.  That Epson be awarded such further relief as the Court deems just and proper.

Respectfully submitted,

**K&L Gates LLP**

Date: January 13, 2023
By:  */s/ Zachary T. Timm*
Christina N. Goodrich
Morgan T. Nickerson (*pro hac vice forthcoming*)
Zachary T. Timm

*Attorney for Plaintiff*
*Epson America, Inc.*

1
2
## DEMAND FOR JURY TRIAL
3       Plaintiff Epson America, Inc. hereby demands a trial by jury on all issues so
4 triable.
5
6   Respectfully submitted,                        **K&L Gates LLP**
7   Date: January 13, 2023              By:   */s/ Zachary T. Timm*
8                                              Christina N. Goodrich
                                               Morgan T. Nickerson (*pro hac vice*
9                                              *forthcoming*)
                                               Zachary T. Timm
10
                                               *Attorney for Plaintiff*
11                                             *Epson America, Inc.*
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28